18-2233-cr
United States v. DeSantis

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand nineteen.

PRESENT:  GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                    No. 18-2233-cr

JAMES DESANTIS,

*Defendant-Appellant.*\*

------------------------------------------------------------------

---

\*  The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:                     Molly Corbett, James P. Egan, Assistant Federal Public Defenders, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, NY.

FOR APPELLEE:                      Thomas R. Sutcliffe, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

James DeSantis appeals from a judgment of the District Court (D'Agostino, J.) convicting him, after a guilty plea, of one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(2)(A), and (h), and sentencing him principally to a term of imprisonment of 37 months. On appeal, DeSantis argues that the District Court erred in applying a six-level enhancement under § 2S1.1(b)(1) of the Sentencing Guidelines and in applying a

2

minor role adjustment under § 3B1.2, rather than a minimal role adjustment.

We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

    1. Section 2S1.1(b)(1)

    The Guidelines provide for a six-level enhancement under § 2S1.1(b)(1) when it is more likely than not that a defendant "knew or believed that any of the laundered funds were the proceeds of, or were intended to promote . . . an offense involving the manufacture, importation, or distribution of a controlled substance or a listed chemical[.]"  U.S. Sentencing Guidelines Manual § 2S1.1(b)(1) (U.S. Sentencing Comm'n 2016); see United States v. Salazar, 489 F.3d 555, 557–58 (2d Cir. 2007).  We review the District Court's finding that DeSantis knew or believed the laundered funds were intended to promote drug trafficking for clear error.  See United States v. Menendez, 600 F.3d 263, 266 (2d Cir. 2010).

    Here, the District Court properly relied on the following evidence to support its finding:  DeSantis exchanged large amounts of cash on both

3

September 16 and 25, 2014; the exchange involved two individuals who had never previously met and who used a pre-arranged code; the cash was stored in heat-sealed vacuum bags; and DeSantis admitted that he knew the money was for some illegal purpose. Moreover, DeSantis was familiar with the drug trade—he was involved in a marijuana and fentanyl transaction on September 16, 2014, and he made two similar transactions during the summer of 2014.[1] Taken together, this evidence supports the District Court's finding that DeSantis knew or believed the funds were related to drug trafficking, and we reject DeSantis's claim of clear error.

2. Section 3B1.2

Next, DeSantis argues that the District Court erred in applying a two-level minor role adjustment under § 3B1.2(b), rather than a four-level minimal role decrease under § 3B1.2(a). A minimal role adjustment is appropriate for defendants "who are plainly among the least culpable of those involved in the

---

[1] Although DeSantis argues the District Court erred in relying on these transactions, they need not be "relevant conduct" under § 1B1.3 for the District Court to consider them as evidence of DeSantis's knowledge. See United States v. Finkelstein, 229 F.3d 90, 96 (2d Cir. 2000); U.S.S.G. § 6A1.3(a) (2016).

conduct of a group."  U.S.S.G. § 3B1.2 cmt. n.4; accord United States v. Kirk Tang Yuk, 885 F.3d 57, 88 (2d Cir. 2018).

The District Court concluded that "DeSantis was less culpable than most other participants in the criminal activity" because he acted as a courier on only two occasions.  Joint App'x 216.  But the Court declined to describe DeSantis's role as minimal given the substantial amount of cash—close to a quarter of a million dollars—he delivered and the fact that DeSantis knew the funds were involved in drug trafficking.  We find no error in the District Court's decision not to accord a four-level decrease for a minimal role.  See United States v. Finkelstein, 229 F.3d 90, 97–98 (2d Cir. 2000).

We have considered DeSantis's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court